**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ARTHUR LEE WOODS, | : | CIVIL ACTION NO. **3:CV-11-1919** |
| | : | |
| Plaintiff | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| FEDERAL BUREAU OF PRISONS, et al., | : | |
| | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On October 17, 2011, Plaintiff, Arthur Lee Woods, currently an inmate at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), Lewisburg, Pennsylvania, filed, *pro se*, a *Bivens*[1] civil action, pursuant to 28 U.S.C. §1331. (Doc. 1). Plaintiff also filed an *in forma pauperis* motion. (Doc. 3). Plaintiff also indicates that his Complaint is filed pursuant to 42 U.S.C. §1985 and §1986. (Doc. 1, p. 1). However, since Plaintiff is only suing federal officials employed by the Federal Bureau of Prisons ("BOP"), he cannot proceed with any claims under §1985 and §1986. Thus, Plaintiff's action does not fall under §1985 and §1986 since he is not seeking damages from any state actors for alleged violations of his constitutional rights. *See Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *3 (M.D. Pa.).

Therefore, we will recommend that all of Plaintiff's claims under § 1985 and § 1986 be dismissed with prejudice since we find futility of any amendment with respect to these

---

1.   *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971). Plaintiff's instant action falls within 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of <u>all</u> civil actions arising under the Constitution, laws or treaties of the United States." (Emphasis added). This case is a *Bivens* action, in part, since Plaintiff seeks monetary damages from federal officials for alleged violations of his constitutional rights. *See Oriakhi v. Wood*, 2006 WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay*, 2009 WL 1956282 (M.D. Pa.).
      As Plaintiff recognizes on page 1 of his Complaint, this Court has jurisdiction over his *Bivens* action under §1331. (Doc. 1, p. 2).

claims as against federal officials.  The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading.  *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002).  Thus, if a Complaint is subject to dismissal for failure to state a claim, the Court must first allow Plaintiff leave to amend unless it finds bad faith, undue delay, prejudice, or futility.  *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

Plaintiff also indicates that he is raising negligence claims against the individual Defendants under the Federal Tort Claim Act ("FTCA"), 28 U.S.C. § 1346(6) & § 2674.  (Doc. 1, pp. 37-52).  Plaintiff cannot assert his negligence claims against the individual Defendants under the FTCA.  Rather, the only proper Defendant in an FTCA action is the United States. The Court in *Banks v. Roberts*, 2007 WL 3096585, *2 (3d Cir.)(Non-Precedential), stated:

> The FTCA waives the sovereign immunity of the United States for torts of federal employees acting within the scope of their employment" under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).  The FTCA contains a jurisdictional bar that requires a plaintiff to file his or her claim with the appropriate federal agency and receive a final denial by that agency before filing a complaint in federal court.  *See* 28 U.S.C. § 2675(a).

*See also Booker v. U.S.*, 2009 WL 90129 (M.D. Pa.).

Thus, we will recommend that all of Plaintiff's negligence claims under the FTCA against the individual Defendants be dismissed with prejudice and that Plaintiff be allowed to file separate FTCA actions against the Untied States after he files tort claims with the BOP regarding each and every one of his negligence claims and exhausts his administrative remedies with respect to all of his negligence claims.

Plaintiff's voluminous Complaint consists of 52 pages, and it has numerous exhibits attached, *i.e.* 179 pages.  Plaintiff raises a myriad of constitutional claims in his lengthy Complaint and he names 23 Defendants.  Specifically, Plaintiff names the following Defendants:

**2**

Federal Bureau of Prisons, United States of America; Staff Employees at the Bureau of Prisons; Thomas R. Kane, Director of the BOP; Harrell Watts, National Appeals Administrator; Joe Norwood, Regional Director; Todd W. Cerney, Regional DHO; Ricardo Martinez, Warden, USP-Allenwood; Captain Kenneth Gabrielson; Cory Heath; SIS Mrs. Margaret Hughes; SIS George Nye; Lt. James Marr; Lt. Raymond Ross; Lt. Nickelson; Lt. Shepard; Unit Manager Frank Passaniti; Case Manager Richard Matlock; Counselor James Vitale; Correctional Officer Mark Crowl; Correctional Officer E. Barlow; Correctional Officer Jeffrey Simpler; Correctional Officer Dana Temple; and Physician Assistant ("PA") Daughtry.  (Doc. 1, p. 1).

Plaintiff states that he sues the individual Defendants in both their personal and official capacities. (*Id.*).  As relief, Plaintiff, in part, Plaintiff seeks compensatory and punitive damages. (Doc. 1, pp. 50-52).  To the extent Plaintiff seeks compensatory and punitive damages, he cannot sue Defendants in their official capacities.  *See Manns v. Bledsoe*, 2011 WL 4048781, *4 (M.D. Pa. 9-12-11)("Sovereign immunity precludes Plaintiff from bringing a *Bivens* action for money damages against Defendants in their official capacities as federal agents.")(citing *FDIC v. Meyer*, 501 U.S. 471, 475 (1994); *Lewal v. Ali*, 289 Fed.Appx. 515, 516 (3d Cir. 2008).  Thus, we will recommend that Plaintiff's claims for money damages against Defendants in their official capacities be dismissed with prejudice.  Based upon the above, we find that the Court should not allow Plaintiff to amend his Complaint with respect to his claims for damages against Defendants in their official capacities, since we find it would be futile.  *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

Plaintiff's Complaint, in part, relates to events which occurred during his prior confinement in other federal prisons, including his confinement at USP-Lee and USP-Hazelton. (*Id.*, pp. 3-4).  Plaintiff indicates that he was confined in USP-Lee from 2008 to 2009, and in USP-Hazelton from 2009 through 2010.  (*Id.*, pp. 8-9).  Plaintiff seems to allege that in October

2010, he was transferred to USP-Allenwood.[2]  On July 29, 2011, Plaintiff was transferred from USP-Allenwood to USP-Lewisburg.

As discussed below, we find that some of Plaintiff's constitutional claims arising during his confinement at USP-Lee are time barred.  We also find that all of Plaintiff's claims arising during his confinement at USP-Lee and USP-Hazelton against prison staff at these prisons, which are not time barred, should be dismissed without prejudice so that Plaintiff can file them in the proper District Courts, namely, the Western District of Virginia and the Northern District of West Virginia, respectively.  *See Abuhouran v. Kaiserkane, Inc.*, Civil No. 10-2281, M.D. Pa.

## II. Screening Plaintiff's Complaint.

As stated, Plaintiff filed a Motion to proceed *in forma pauperis*.  (Doc. 3).[3]  Plaintiff's Complaint has not yet been served on any Defendants.  We now screen Plaintiff's pleading as we are obliged to do.  *See Abdul-Akbar v. McKelvie*, 239 F. 3d 307, 314 (3d Cir. 2001); *Banks v. County of Allegheny*, 568 F.Supp.2d 579, 589 (W.D. Pa. 2008).

The Prison Litigation Reform Act of 1995,[4] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

---

2.   According to the Records Department at USP-Lewisburg, Plaintiff was housed at USP-Lee from March 16, 2009 to November 3, 2009.  He was housed at USP-Hazelton from November 9, 2009 to September 14, 2010.  Plaintiff was transferred from USP-Hazelton and arrived at USP-Allenwood on September 30, 2010.  On July 29, 2011, Plaintiff left USP-Allenwood and was transferred to USP-Lewisburg.  Plaintiff is currently confined at USP-Lewisburg.  Plaintiff appears to raise claims in his present Complaint regarding his confinement at all of the stated federal prisons.

3.   The undersigned has been assigned this case for all pre-trial matters pursuant to 28 U.S.C. § 636(b)(1)(A).

4.   Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

> (2) Notwithstanding any filing fee, or any
> portion thereof, that may have been paid, the
> court shall dismiss the case at any time if the
> court determines that (A) the allegation of
> poverty is untrue; or (B) the action or appeal
> (i) is frivolous or malicious; (ii) fails to
> state a claim on which relief may be granted;
> or (iii) seeks monetary relief against a
> defendant who is immune from such relief.

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss. *See O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.); *Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.); *Banks v. County of Allegheny*, 568 F.Supp.2d at 588.

### III.  Motion to Dismiss Standard.

In *Reisinger v. Luzerne County*, 2010 WL 1976821, *7, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly*, 550 U.S. 433 (2007), and *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan*, *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal*, 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny]*, 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts

5

do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id. Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

*See also Banks v. County of Allegheny*, 568 F.Supp.2d 588-589.

## IV. *Bivens* Standard.

As mentioned, Plaintiff filed his Complaint, in part, as a *Bivens* action.  The Third Circuit stated in *Banks v. Roberts*, 2007 WL 3096585, *1 n.1, 251 Fed. Appx. 774 (3d Cir. 10-19-07) (non-Precedential), "[a] *Bivens* action is a commonly used phrase for describing a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials. This constitutional tort theory was set out in *Bivens v. Six Unnamed Officials of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)."

In *Naranjo v. Martinez*, 2009 WL 4268598, *6 (M.D. Pa.), the Court stated:

*Bivens* creates no substantive rights, but rather allows "a citizen suffering a compensable injury to a constitutionally protected interest [to] invoke the general federal-question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978).   A civil rights claim brought under Bivens is the federal counterpart to an action brought under 42 U.S.C. § 1983, and the same legal principles governing a § 1983 claim apply to a *Bivens* claim.  *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir.2001); *Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir.1975); *Cyrus v. Hogsten*, No. 06-2265, 2007 WL 88745, at *3 (M.D.Pa. Jan.9, 2007). To state a claim under *Bivens,* the plaintiff must show that the defendant, acting under color of Federal law, deprived him of a right secured by the Constitution or laws of the United States. *Brown*, 250 F.3d at 800; *Cyrus*, 2007 WL 88745, at *3.

Civil rights claims may only be brought against "persons." 42 U.S.C. § 1983. Individual liability in a civil rights action is personal in nature, and a defendant is liable only if he was personally, affirmatively involved in the alleged malfeasance. *C.N. v. Ridgewood Bd. of Educ.*,

430 F.3d 159, 173 (3d Cir.2005); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294 (3d Cir.1997), abrogated in part on other grounds by *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (citing *Rhode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988). Further, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1948, 173 L.Ed.2d  868 (2009) (collecting cases).

*See also Manns v. Bledsoe,* 2011 WL 4048781, *4.

## V.  Discussion.

Initially, as mentioned, we will recommend that all of Plaintiff's claims arising out of USP-Lee and USP-Hazelton that are not time barred be dismissed without prejudice to Plaintiff filing actions in the proper districts where these federal prisons are located, namely, the Western District of Virginia and the Northern District of West Virginia, respectively.  *See Hodge v. U.S. Dept. of Justice*, 372 Fed.Appx. 264, 266 (3d Cir. 2010).

Also, as mentioned, we will recommend that all of Plaintiff's claims under §1985 and  § 1986 be dismissed with prejudice.

Further, we will recommend that all of Plaintiff's negligence claims under the FTCA against the individual Defendants be dismissed with prejudice and that Plaintiff be permitted to file separate FTCA actions against the United States after he exhausts his tort claims with the BOP regarding each and every one of his negligence claims.  *See* 28 U.S.C. § 2679(d).[5]

Also, the BOP is not a proper Defendant in a *Bivens* action.  *See FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994); *Banks v. Roberts*, 251 Fed. Appx. 774 (3d Cir. 2007).  Thus, we will recommend that Defendant BOP be dismissed with prejudice from this *Bivens* action.  Based

---

5.    To the extent Plaintiff alleges that prison staff at USP-Lewisburg negligently gave his radio to another inmate or caused his radio to be lost, this claim is subject to dismissal with prejudice under the detention of property exception to the FTCA.  *See* 28 U.S.C. § 2680(c); *Bowens v. U.S. Dept. of Justice*, 2009 WL 3030457, * 2 (M.D. Pa. 9-17-09) (citations omitted).

Further, Plaintiff is precluded from raising a *Bivens* due process claim with respect to his loss of radio claim under *Hudson v. Palmer*, 468 U.S. 517, 533 (1984), since the BOP's administrative remedy process provided Plaintiff with an adequate post-deprivation procedure. *Id.* at * 3.

on well settled case law we find futility of any amended pleading with respect to Plaintiff's constitutional claims asserted against Defendant BOP under *Bivens*. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

Plaintiff also names as Defendants unnamed Staff Employees at the BOP, seemingly including prison staff at USP-Lee, USP-Hazelton, USP-Allenwood and USP-Lewisburg.   We will recommend that these unnamed Staff Employees at the BOP be dismissed with prejudice as to prison staff at USP-Lee and USP-Hazelton since these Defendants had no connection with the Middle Distinct of Pennsylvania and Plaintiff's claims against them did not arise in the Middle District of Pennsylvania.   We will recommend that Defendants unnamed Staff Employees at the BOP be dismissed without prejudice for Plaintiff to file with this Court a new action against only unnamed USP-Allenwood staff and USP-Lewisburg staff if he later discovers their names and can state their personal involvement with respect to his constitutional claims.  *See Vieux v. Smith*, 2007 WL 1650579 (M.D. Pa. 6-5-07).

Also, as discussed below, we find that Plaintiff has impermissibly joined several unrelated claims in this action, in violation of Fed.R.Civ.P. 20.  We will recommend that Plaintiff be directed to file separate actions with separate *in forma pauperis* motions for his unrelated claims.

Additionally, as stated, we will recommend that insofar as Plaintiff seeks compensatory and punitive damages, his damages claims against Defendants in their official capacities be dismissed with prejudice.  *See Manns, supra*.

1.  *Claims Arising Prior to October 17, 2009*

As noted, Plaintiff was confined at USP-Lee from March 16, 2009 through November 3, 2009.  He arrived at USP-Hazleton on November 9, 2009 and remained there until September 14, 2010.  Based on the pleading, as well as the dates Plaintiff was confined at USP-Lee, we find that all of Plaintiff's claims arising during his prior confinement at USP-Lee

from March 16, 2009 to October 17, 2009, are time barred by the applicable-two year statute of limitations ("SOL").

It is apparent from the face of Plaintiff's Complaint that the two-year statute of limitations has expired with respect to all of Plaintiff's claims arising at USP-Lee prior to October 17, 2009.  (Doc. 1, p. 2).   Plaintiff's claims contained in his Complaint commence with his confinement in federal prison since  2007.  As stated, Plaintiff filed his present action on October 17, 2011.  The statute of limitations expired with respect to all of Plaintiff's claims arising at federal prisons prior to October 17, 2009.

We find that in screening Plaintiff's Complaint under the PLRA, the Court can *sua sponte* dismiss Plaintiff's action regarding his claims which are time barred since his allegations make clear that he did not timely raise his claims which occurred in federal prisons prior to October 17, 2009.  *See McPherson v. U.S.*, 2010 WL 3446879, *3-*4 (3d Cir. 9-2-10);  *Smith v. Delaware County Court*, 260 Fed. Appx. 454 (3d Cir. 2008); *Robinson v. Varano*, Civil No. 10-2131, M.D. Pa., 2011 WL 290269 (January 25, 2011 Order) adopting 2010 WL 5653521(M.D. Pa. 12-27-10); *Barnett v. York County*, *supra* (in screening Plaintiff's Complaint under the PLRA, the Court can *sua sponte* dismiss Plaintiff's untimely civil right claims since his allegations make clear that Plaintiff did not file claims within 2-year statute of limitations); *Mitchell v. Dauphin County Comm.*, 2011 WL 3476657 (M.D. Pa. 7-18-11); *Leonard v. Bristol Tp. School Dist.*, 2010 WL 2995540, *3, n. 1 (E.D. Pa. 7-28-10)(the Court noted that "[a] complaint may properly be dismissed for failure to state a claim on statute of limitations grounds if the untimeliness of the complaint is apparent on its face." citations omitted.).

The law is well settled that a 2-year statute of limitations governs Plaintiff's present action with respect to his constitutional claims under *Bivens*.  In *Womack v. Smith,* 2009 WL 5214966, *2, (M.D. Pa.), the Court stated:

> In a *Bivens* action, federal courts must apply the statute of limitations for analogous state actions. *Napier v. Thirty or More Unidentified Federal Agents, Employees, or Officers,* 855 F.2d 1080, 1088 n. 3 (3d Cir.1988). The governing law here is Pennsylvania's two-year statute

of limitations. 42 Pa.C.S.A. § 5524. The statute begins to run when the plaintiff knew or should have known of the violation of his rights. *Bougher v. Univ. of Pittsburgh,\* 882 F.2d 74, 80 (3d Cir.1989) (in the context of a 42 U.S.C. § 1983 action).

*See also Banks-Bennett v. Bureau's Organized Crime and Vice Control Unit*, 2009 WL 1277743, *5 (M.D. Pa.)(there is a 2-year statute of limitations with respect to civil rights action filed in Pennsylvania).

Thus, based on *McPherson*, even though the SOL is an affirmative defense, *sua sponte* dismissal of all Plaintiff's claims arising during his confinement in federal prisons prior to October 17, 2009, is nonetheless proper since it is abundantly clear from the face of his Complaint that they are time barred.

Therefore, we will recommend that all of Plaintiff's claims arising during his during his confinement in federal prisons prior to October 17, 2009, be dismissed with prejudice.  Based on well settled case law, we find futility of any amended pleading with respect to Plaintiff's constitutional claims arising during his confinement in federal prisons prior to October 17, 2009.  *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

   *2.  Claims Arising at USP-Lee and USP-Hazelton*

As stated, Plaintiff avers that prior to his confinement in the Middle District of Pennsylvania, he was confined at USP-Lee and USP-Hazelton.  This is consistent with the information obtained by the Chambers of the undersigned Magistrate Judge from the Records Department at USP-Lewisburg.  Plaintiff states that he was transferred from USP-Hazelton to USP-Allenwood on a greater security transfer, which was improperly placed on him as retaliation, in August 2010.  As noted above, the Records Department indicates that Plaintiff left USP-Hazleton on September 14, 2010 and arrived at USP-Allenwood on September 30, 2010. (Doc. 1, p. 37).

We again find that all of Plaintiff's claims which relate to his confinement at USP-Lee and USP-Hazelton should be dismissed.  For example, Plaintiff alleges that in August 2010,

**10**

Warden O'Brien at USP-Hazelton in West Virginia put him in for a security transfer to a different federal prison in retaliation for his civil rights Complaint he filed against O'Brien.  (Doc. 1, p. 3).  We will recommend that the Court dismiss all of Plaintiff's claims which relate to his confinement at USP-Lee and USP-Hazelton, which prisons are located in the Western District of Virginia and the Northern District of West Virginia, respectively, since these other Districts are the more convenient forums pursuant to 28 U.S.C. §1404(a).  The District Court of the Western District of Virginia clearly would have jurisdiction over the Plaintiff's claims against the USP-Lee prison staff, and the District Court of the Northern District of Virginia would have jurisdiction over Plaintiff's claims against the USP-Hazelton prison staff.  Thus, we will recommend that all of Plaintiff's constitutional claims arising during his confinement at USP-Lee and USP-Hazelton be dismissed since the Middle District of Pennsylvania is not the proper forum pursuant to 28 U.S.C. §1404(a).  Also, neither Plaintiff nor the prison staff at USP-Lee and USP-Hazelton were located in the Middle District Pennsylvania when these claims arose.  In fact, the Middle District of Pennsylvania had no connection at all with Plaintiff's claims arising at USP-Lee and USP-Hazleton.

In the alternative, we will recommend that all of Plaintiff's constitutional claims arising during his confinement at USP-Lee and USP-Hazelton be transferred to the Western District of Virginia and the Northern District of West Virginia, respectively.   A court may transfer any civil action for the convenience of the parties or witnesses, or in the interests of justice, to any district where the action might have been brought.  28 U.S.C. §1404(a).  Title 28 U.S.C. §1391(b) provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action  may otherwise be brought.

**11**

*See also Vangura Kitchen Tops, Inc. v. C&C North America, Inc.*, 2008 WL 4540186, *3;
*Eppard v. Certegy Payment Recovery Services, Inc.*, Civil No. 09-1414, M.D. Pa., 2-23-10
Memorandum; *Hankins v. Beard*, 2008 WL 2950996, *10 (M.D. Pa.); *Brown v. Maue*, 2005
WL 1420776, *1 (M.D. Pa.).

3. *FTCA Claim against the Individual Defendants*

As mentioned, Plaintiff raises several claims of negligence against the individual
Defendants under the FTCA.  This Court has jurisdiction over Plaintiff's FTCA claims against the
United States pursuant to 28 U.S.C. § 1346 and § 2680.  *See Banks v. Roberts*, 2007 WL
3096585, *2 (3d Cir.)(Non-Precedential); *Thomas v. U.S.*, 558 F. Supp. 2d 553, 554 (M.D. Pa.
2008).  However, the United States of America ("U.S.") is the only proper Defendant in an
FTCA suit, and the United States has waived sovereign immunity for an FTCA action.  *See Sash
v. Hogsten*, 2008 WL 618945 (M.D. Pa.).  Also, "[t]he FTCA allows federal inmates to sue the
United States for injuries sustained while incarcerated.  28 U.S.C. § 2674." *Moshier v. U.S.*,
2007 WL 1703536, * 9 (W.D. Pa.); *Baker v. U.S.*, 2006 WL 1946877, * 4 (W.D. Pa.).

The provisions of the FTCA govern all claims against the United States for money
damages for injury or loss of property or personal injury or death caused by the negligent or
wrongful act or omission of any employee of the government while acting within the scope of
his office or employment.  28 U.S.C. § 2675 (a).  Plaintiff cannot  seek damages for personal
injury caused by the negligent or wrongful act or omission of any employee of the BOP. Rather,
Plaintiff can only assert his negligence claims under the FTCA against  the United States.

The Court in *Banks v. Roberts*, 2007 WL 3096585, *2 (3d Cir.)(Non-Precedential),
stated:

> The FTCA waives the sovereign immunity of the United States
> for torts of federal employees acting within the scope of their
> employment" under circumstances where the United States, if a
> private person, would be liable to the claimant in accordance with
> the law of the place where the act or omission occurred."  28 U.S.C.
> § 1346(b)(1).  The FTCA contains a jurisdictional bar that requires a
> plaintiff to file his or her claim with the appropriate federal agency
> and receive a final denial by that agency before filing a complaint

in federal court.  *See* 28 U.S.C. § 2675(a).
*See also Booker v. U.S.*, 2009 WL 90129 (M.D. Pa.).

Plaintiff cannot raise negligence claims against individual federal employees of the BOP under the FTCA as he attempts to do repeatedly in his Complaint.  *Id.*; *Davis v. Miner*, 2007 WL 1237924, *5 (M.D. Pa. 4-26-07).

In his pleading, we find that Plaintiff has not properly asserted his FTCA claims against the United States.  Thus, we will recommend that all of Plaintiff's negligence claims under the FTCA against the individual Defendants be dismissed with prejudice.  Plaintiff must file his FTCA actions against the United States after he exhausts all of his tort claims with the BOP.[6]  Based on well settled case law we find futility of any amended pleading with respect to Plaintiff's negligence claims under the FTCA against the individual Defendants.  *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

4. *Plaintiff's Constitutional Claims against Supervisory BOP Defendants*

Plaintiff names as Defendants BOP Supervisory officials, namely Kane, Watts, Norwood and Martinez.  Plaintiff alleges and his exhibits show that the personal involvement of Defendants Kane, Watts, Norwood and Martinez was based on their responses (or lack of

---

[6].  We note that the statute of limitations with respect to Plaintiff's FTCA claim is two years and Plaintiff must first exhaust any tort claim with the BOP.  In *Davis v. Miner*, 2007 WL 1237924, *5 (M.D. Pa. 4-26-07), the Court stated:

> A FTCA plaintiff must first present his claim in writing to the appropriate federal agency as an administrative tort claim. § 2675(a). The statute of limitations for submitting an administrative tort claim to the agency is two years. 28 U.S.C. § 2401(b). The plaintiff may sue in federal court only after receiving a "final denial" by the agency.FN11 2675(a). The requirement of receiving a "final denial" by the administrative agency on a FTCA claim "is jurisdictional and cannot be waived." *Bialowes v. United States,* 443 F.2d 1047, 1049 (3d Cir.1971).
>
> > FN11. The agency may either act to deny the claim or, if no action is taken within six months after being filed, the claim will be deemed a final denial for purposes of filing suit in federal court. § 2675(a).

responses) to his grievances, administrative remedy requests, and appeals.  Simply because Defendants Kane, Watts, Norwood and Martinez denied Plaintiff's administrative remedy requests and his appeals is not sufficient to name these supervisory BOP officials as Defendants in this civil rights action.  *See White v. Bledsoe*, 2011 WL 2292279, * 6 (M.D. Pa. 6-8-11) ("Participation in the after-the-fact review of a grievance or appeal is not enough to establish personal involvement.") (citations omitted).

The law is well-settled that inmates do not have a constitutional right to a grievance process, and that naming the supervisory Defendants based only on their responses to an inmate's grievance and appeals will subject these Defendants to dismissal.  *Bartelli v. Jones*, 231 Fed. Appx. 129, 132 (3d Cir. 2007)("a state grievance procedure does not confer any substantive constitutional right upon prison inmates.")(citation omitted); *O'Connell v. Sobina*, 2008 WL 144199, * 17 (W. D. Pa.);  *Jones v. North Carolina Prisoners's Labor Union, Inc.,* 433 U.S. 119, 137-38 (1977).  This  Court has also recognized that grievance procedures are not constitutionally mandated.  *See Chimenti v. Kimber*, Civil No. 3:CV-01-0273, slip op. at p. 18 n. 8 (March 15, 2002) (Vanaskie, C.J.), reversed in part, C.A. No. 03-2056 (3d Cir. June 8, 2005)(Non-Precedential).  Even if the prison provides for a grievance procedure, as the BOP does, violations of those procedures do not amount to a civil rights cause of action.  *Mann v. Adams*, 855 F. 2d 639, 640 (9th Cir 1988), *cert denied*, 488 U.S. 898 (1988); *Hoover v. Watson*, 886 F. Supp. 410, 418 (D. Del. 1995), aff'd. 74 F. 3d 1226 (3d Cir. 1995).  *See also Burnside v. Moser*, Civil No. 04-2485, 12-16-04 Order, p. 3, J. Muir, M.D. Pa., aff'd. 138 Fed. Appx. 414 (3d Cir. 2005)(Even "[i]f the state elects to provide a grievance mechanism, violations of its procedures do not ... give rise to a [constitutional] claim.") (citations omitted).  Thus, even if the prison official allegedly failed to process the prisoner's grievances, no constitutional claim is stated.  *Burnside, supra.   See also  Mincy v. Chmieleweski*, 2007 WL 707344,*9, n. 4(M.D. Pa.)(claims by inmates regarding the prison grievance procedures are unavailing since "prisoners do not have a constitutional right to prison grievance procedures." (citations omitted)).

A civil rights complaint should allege the conduct violating the plaintiff's rights, the time and the place of that conduct and the identity of the responsible state officials. Also, a civil rights pleading must include factual allegations to support the constitutional claims raised in the complaint. *See Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949, 1953 (2009).

Liability may only be based upon the Defendant's personal involvement in conduct amounting to a constitutional violation. *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976); *Innis v. Wilson*, 2009 WL 1608502 (3d Cir.). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825 (1994) *citing Helling v. McKinney*, 509 U.S. 25 (1993); *Wilson v. Seiter*, 501 U.S. 294 (1991); *Estelle v. Gamble*, 429 U.S. 97 (1976).

In *Manns,* 2011 WL 4048781, *4, the Court stated that "[i]t is well established that contemporaneous, personal knowledge and acquiescence in an alleged violation is required to establish personal knowledge." The *Manns* Court further stated that "[p]articpation in the after-the-fact review of a grievance or appeal is not enough to establish personal knowledge." (Citing *Rode*, 845 F. 2d at 1208; *Brooks v. Beard*, 167 Fed.Appx. 923, 925 (3d Cir. 2006).).

Even though the stated supervisory Defendants denied Plaintiff's administrative remedy requests and his appeals, these allegations do not state viable constitutional claims against these Defendants. Plaintiff implicates Defendants Kane, Watts, Norwood and Martinez based on their responses to his administrative remedy requests and appeals, and thus, we will recommend that these Defendants be dismissed with prejudice. Based on settled case law, including *Manns*, we find futility of any amended pleading with respect to Plaintiff's constitutional claims against supervisory Defendants Kane, Watts, Norwood and Martinez. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

5. *Plaintiff's Constitutional Claims against Remaining Defendants*

Plaintiff raising numerous constitutional claims against prison staff Defendants at USP-Lewisburg.  Initially, we find that Plaintiff's Complaint is in violation of Rule 8.  Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth: (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader.  *See Saltzman v. Independence Blue Cross*, 2009 WL 1606887, *4 (E.D. Pa.)("The Court in *Iqbal* explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted.").

Plaintiff asserts his numerous unrelated claims without numbered paragraphs and he states them on 52 pages in his Complaint.  (Doc. 1, pp. 37-50).  Our initial review of Plaintiff's Complaint under the PLRA reveals that it contains many unrelated claims against numerous Defendants, in violation of Fed.R.Civ.P. 20(a).  Plaintiff's Complaint appears to briefly state the personal involvement of every named Defendant with these numerous unrelated claims. However, we find that Plaintiff's Complaint is in violation of Fed.R.Civ.P. 20(a), as well as Rule 8.  Plaintiff's lengthy, 52-page pleading is unmanageable, and the twenty-three (23) Defendants named therein would have great difficulty in responding to it.

Plaintiff claims, in part, as follows:

Numerous vague conspiracy claims;

Denial of right to visitation claims by his family;

Several claims of filing of false misconduct reports;

Claims of Fifth Amendment due process violations at disciplinary hearings;

Claims of Fifth Amendment due process violations  regarding his custody classification;[7]

Due Process claims regarding improper convictions on approximately 20 incident reports;

Claims of Fifth Amendment due process violations for refusal of his access to administrative remedy process;[8]

First Amendment denial of access to courts claims;

Improper taking of his personal property, *i.e.* his radio;

Eighth Amendment conditions of confinement claims;

Eighth Amendment failure to protect claims;

Claims that prison staff forced him to take pills which made him delusional;

Intentionally raising his custody classification points to require his placement in maximum custody;

Several Eighth Amendment excessive force claims; and

Claims of failure to properly review grievances and claims of denial of due process with respect to grievances.[9]

On November 15, 2011, Plaintiff filed a letter addressed to the BOP and this Court in which he raises claims that he was improperly placed in the SMU Program at USP-Lewisburg, wrongfully convicted of 20 incident reports, denied his right to appeal the 20 disciplinary convictions, wrongfully found not to have completed any recommended programs, and improperly keeping him in Phase I of the SMU Program in 23-hour per day lockdown.  (Doc. 7 and attached Exhibits).  Plaintiff's due process claims regarding his 20 disciplinary convictions

---

7.   We note that Plaintiff had no constitutional right to any particular prison or to any custody classification.  *See White v. Bledsoe*, 2011 WL 2292279, * 6.

8.   Plaintiff erroneously states that all of his due process claims are under the Fourteenth Amendment.  Since Plaintiff was a federal inmate in federal prison and he sues federal officials, his due process claims are under the Fifth Amendment.  *See Bowers v. U.S. Dept. of Justice*, 2009 WL 3030457, * 3.

9.   Plaintiff's Complaint can be liberally construed as raising additional constitutional claims.

are *Heck* barred as discussed below.  Plaintiff's claims regarding his placement in the SMU Program do not amount to constitutional violations.  *See White v. Bledsoe*, 2011 WL 2292279, *7.

Plaintiff's numerous unrelated claims which allegedly occurred at USP-Allenwood and USP-Lewisburg span from August  2010 through September 2011 and arose on almost a weekly basis during this one-year time period.

With respect to Plaintiff's numerous unrelated claims, we will recommend that Plaintiff be directed to file an Amended Complaint, captioned to the above referenced civil number, regarding only his claims that are related in conformity with Rule 20(a) of the Federal Rules of Civil Procedure.[10]

We will recommend that Plaintiff be directed to file separate new Complaints, to be filed and docketed under separate civil numbers, and that Plaintiff be required to file with his new Complaints separate *in forma pauperis* motions, with respect to his unrelated claims.  We will also recommend that Plaintiff be directed to only include, in each separate Complaint, the claims  that are related in conformity with Rule 20(a).[11]

---

10.   We note that Plaintiff's amended complaint filed to the above civil number, as well as his separate new complaints which should be filed to new civil numbers, must be complete in all respects.  They must be  new pleadings which stand by themself as  adequate complaints without reference to his original  complaint (Doc. 1) he already filed.  *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  Additionally, each of Plaintiff's Complaints must establish the existence of actions by the Defendants which have resulted in constitutional deprivations.  *E.g, Rizzo v. Goode*, 423 U.S. 362, 370-73 (1976).  They should specify which actions are alleged as to which Defendants.  Plaintiff's Complaints must be "simple, concise, and direct" as required by the Rules of Civil Procedure.  *See*, Fed.R.Civ.P. 8(e)(1).

11.   We note that with respect to Plaintiff's due process claims raised in his original Complaint   in which Plaintiff alleges that he was deprived of his "Fourteenth Amendment" due process rights with respect to his 20 disciplinary hearings on 20 false misconduct reports, these claims are *Heck* barred to the extent they may affect the validity of his disciplinary convictions and the sanctions he received, including loss of good conduct time.  Thus, these claims would be *Heck* barred until Plaintiff successfully has his disciplinary convictions overturned *via* a petition for writ of habeas corpus under 28 U.S.C. § 2241.

In *Braggs v. Flatt*, 2009 WL 2750120, *4-*5 (W. D. Pa.), the Court stated:

With respect to the twenty-three (23) named Defendants and the largely unrelated claims against them contained in the original Complaint covering over a one-year period from August 2010 through September 2011, we have found that Plaintiff has impermissively attempted to join all of these Defendants and the above stated claims against them in one action, in violation of Fed. R. Civ. P. 20 (a).  Rule 20(a) provides:

> (a) Permissive Joinder.  All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any questions of law or fact common to all defendants will arise in the action.  A plaintiff or defendant

---

> *Heck v. Humphrey* [512 U.S. 447 (1994) ] and its progeny. In *Heck,* the Supreme Court held that a prisoner could not maintain a § 1983 action for damages under the civil rights laws if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487. The Court has summarized this so-called "favorable termination requirement" by explaining that a "state prisoner's § 1983 action is barred (absent prior invalidation)-**no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)**-if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson,* 544 U.S. 74, 81-82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005). *See also Hill v. McDonough,* 574 U.S. 73 (2006); *Muhammad v. Close,* 540 U.S. 749, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004).

> Further, in *Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), the Supreme Court extended *Heck* further by holding that a state prisoner's § 1983 action challenging a prison disciplinary sanction and seeking "money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983" unless the disciplinary sanction has been overturned or invalidated. 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906.

(Emphasis added);  *Kalomiris v. Monroe County Syndicate*, 2009 WL 73785, *8 (M.D. Pa.).

Thus, any claim of Plaintiff which would impugn the validity of his numerous disciplinary convictions and his disciplinary sanctions affecting the duration of his confinement in prison  would be precluded by *Heck.*  *See Washam v. Stesis*, 321 Fed. Appx. 104, 105 (3d Cir. 2009); *Sandy v. Lehigh Co. Dist. Attorney*, 2008 WL 910001, *1-*2 (E.D. Pa.).  As such, we will recommend that all of Plaintiff's due process claims regarding his disciplinary convictions be dismissed without prejudice.

> need not be interested in obtaining or defending against all the relief demanded.  Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Fed.R.Civ.P. 20(a).  *See Blood v. BOP*, 2009 WL 700194 (M.D. Pa.); *Meekins v. Colleran*, 2005 WL 2133677 (M.D. Pa.); *Spencer v. Kelchner*, 2007 WL 88084 (M.D. Pa.).

Rule 20 only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact."  7 Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1652 at 371-72 (1986).  "Permissive joinder is not, however, applicable in all cases.  The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action."  *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).

We recommend that Plaintiff's amended complaint which is to be filed to the above civil number should be limited with respect to only Defendants and his claims that arise out of the same transaction or occurrence or series of transactions or occurrences and that have questions of law or fact common to all Defendants and claims.  We recommend that Plaintiff be directed to file separate civil actions, along with separate *in forma pauperis* motions, as to the other Defendants and claims that do not share common legal and factual questions and that do not arise out of the same transactions or occurrences.

In *Mincy v. Klem*, 2007 WL 1576444, *1 (M.D. Pa.), the Court stated:

> The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA. Thus, to the extent that plaintiff believes that he has been subjected to more than one violation of his rights, and to the extent that these violations are

unrelated to each other, plaintiff should file separate complaints addressing each violation.

**VI.   Recommendation.**

Based on the foregoing, it is respectfully recommended that all of Plaintiff's claims under §1985 and  § 1986 be dismissed with prejudice.  It is recommend that all of Plaintiff's negligence claims under the FTCA against the individual Defendants be dismissed with prejudice, and that Plaintiff be allowed to file separate FTCA actions against the United States after he files tort claims with the BOP regarding each and every one of his negligence claims and after he exhausts his administrative remedies with respect to all of his negligence claims.  It is recommended that, insofar as Plaintiff seeks compensatory and punitive damages against Defendants in their official capacities, these damages claims be dismissed with prejudice.

Further, it is recommended that all of Plaintiff's constitutional claims arising during his confinement at USP-Lee and USP-Hazelton be dismissed without prejudice to file in the proper District Courts to the extent that they are not time barred.  It is recommended that the unnamed Staff Employees at the BOP be dismissed without prejudice as to prison staff at USP-Lee and USP-Hazelton since these Defendants had no connection with the Middle District of Pennsylvania and Plaintiff's claims against them did not arise in the Middle District of Pennsylvania.  It is  recommended that Defendants unnamed Staff Employees at the BOP be dismissed without prejudice for Plaintiff to file a separate action or actions against only USP-Allenwood staff and USP-Lewisburg staff if he later discovers their names.

Additionally, it is recommended that all of Plaintiff's claims arising during his confinement in federal prisons prior to October 17, 2009 be dismissed with prejudice as time barred.  It is also recommend that all of Plaintiff's constitutional claims under *Bivens* against Defendant BOP be dismissed with prejudice.

Moreover, it is recommended that BOP supervisory Defendants Kane, Watts, Norwood and Martinez be dismissed with prejudice.  It is also recommended that the claims in which Plaintiff alleges that he was deprived of his due process rights with respect to his twenty

(20) disciplinary hearings on false misconduct reports be dismissed without prejudice since they are *Heck* barred.

It is recommended that Plaintiff be directed to file an Amended Complaint, captioned to the above referenced civil number, regarding only his claims that are related  in conformity with Rule 20(a) of the Federal Rules of Civil Procedure.  It is recommended that Plaintiff be directed to file separate civil actions, along with separate *in forma pauperis* motions, as to his other numerous claims that do not share common legal and factual questions and that do not arise out of the same transactions or occurrences.

Finally, it is recommended that this action be recommitted to the undersigned for further proceedings.

s/ Thomas M. Blewitt

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: November 22, 2011**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ARTHUR LEE WOODS,                    :         CIVIL ACTION NO. **3:CV-11-1919**
                                     :
        Plaintiff                    :         (Judge Caputo)
                                     :
        v.                           :         (Magistrate Judge Blewitt)
                                     :
FEDERAL BUREAU OF PRISONS, et al.,   :
                                     :
        Defendants                   :

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **November 22, 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

23

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


           **s/ Thomas M. Blewitt**
           **THOMAS M. BLEWITT**
           **United States Magistrate Judge**

**Dated: November 22, 2011**

24